## LATTIMER-STEVENS CO. v. KITSON CO.
### No. 4079.

District Court, E. D. Pennsylvania.
July 23, 1931.

Howson & Howson, of Philadelphia, Pa., for plaintiff.

Busser & Harding, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

I am of the opinion that the master erred in holding that the angle bar type of structure manufactured by the defendant, exemplified by the Plaintiff's Accounting Exhibit M, did not fall within the claim of the patent in suit and was not an infringing device.

The essence of the patent lies in the following distinguishing characteristics of the bar: (1) Ability to be bent, in order to meet what may be called major disalignments of the pipes. Perhaps the word "major" is not particularly well chosen, as this disalignment may be very slight, but it serves to convey the idea. (2) Ability to give slightly when the device is tightened by screws, to take care of whatever lack of perfect adjustment between the bar and the pipes remains. (3) Shock absorbing qualities after final adjustment and tightening up. This quality was not stressed in the trial of the case, but of course it was apparent throughout.

The defendant's angle bar has all these characteristics. The mere fact that it is a little more difficult to deform tortionally and considerably more difficult to deform laterally, that it gives a little less upon being tightened, and that it is generally stiffer and less absorbent of (or more repellant to) shock, does not prevent it from embodying substantially the essential characteristics of the invention.

The master felt that it did not infringe because it was not a "thin flat bar." Of course it is not such in commercial or popular parlance, but it would be perfectly correct to describe it as a thin flat bar having a flange consisting of another thin flat bar perpendicular to and integral with it.

However, the question is not one of terminology, but whether the claim of the patent is limited to the precise geometrical form mentioned. Generally a claim is to be construed only for such structural factors as are essential to the invention, provided it is clear that the physical conditions requisite to embody the invention are not circumscribed by the precise form adopted. No doubt a thin flat bar would be the most satisfactory means of putting the invention into practical use, but consideration of the prior art and the problem presented to the inventor, of the purpose of the device and the means adopted, indicate clearly that the defendant's angle iron does not depart from it in any particular essential to the invention.

Of course I do not mean to hold that the shape of the bar is a matter of entire indifference. It would not be difficult to think of forms which, though made of the same material as the plaintiff's, would completely destroy the essential characteristics of the invention as noted above. The shape of the bar must be such as to preserve these characteristics. Within these limits, however, it is not of the essence of the invention.

The argument made by the defendant that he does not use the deformability of the bar to secure adjustment but gets his pipes in perfect alignment before tightening the bar is exactly the same argument that was made on the trial of the cause. If an absolutely rigid bar was what he required, there were plenty of other forms and materials which could have been used. Instead, he has added a flange to the thin flat bar of the patent somewhat impairing, but by no means destroying, its tortional deformability. It can still be bent by ordinary force. When "ordinary force" was mentioned in the opinion, it was not intended to limit it to such force as could be applied with the bare hands. The use of ordinary tools was admissible.

The fact is that such rigidity as the flange has added to the bar is absolutely nonfunctional. In my opinion the defendant's angle bar is a full equivalent of the bar of the plaintiff, and I feel quite certain that, if it had been a prior art structure and cited as such, it would have invalidated the patent for want of invention.

I am satisfied that the master's reasoning upon the other question involved, namely, the inclusion of profits derived from the entire structure, is correct.

The plaintiff's exceptions and the master's report are sustained. The defendant's exceptions are dismissed, and a decree may be submitted in accordance with these rulings.